UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

CHARLES O. OJI,

                    Plaintiff,

-v-

THE SOCIAL SECURITY ADMINISTRATION (SSA),

                    Defendant.

Case No. 12-CV-7338 (KMK)(PED)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, District Judge:

On September 28, 2012, Charles Ojih Oji ("Plaintiff") filed this Action pursuant to the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c), challenging determinations made by the Social Security Administration ("Defendant") regarding Plaintiff's applications for benefits. Plaintiff also seeks compensatory and punitive damages for his claims, including that he was discriminated against by Defendant's employees. Defendant moves to dismiss Plaintiff's claims on the grounds that the Court lacks subject matter jurisdiction over Plaintiff's challenges to the Defendant's benefits determinations and that Plaintiff has failed to state a claim for his tort claims. (*See* Dkt. Nos. 24, 28.) Alternatively, Defendant moves for summary judgment. (*See* Dkt Nos. 24, 28.)

The Court referred the case to Magistrate Judge Paul E. Davison by Order dated November 27, 2012. (Dkt. No. 8.) The Parties stipulated that Defendant's time to answer would be extended from February 1, 2013 to April 2, 2013, and Judge Davison so ordered the stipulation. (*See* Dkt. No. 11.) On April 1, 2013, Defendant requested a thirty-day extension to respond to Plaintiff's Complaint, bringing the deadline to May 2, 2013. (Dkt. No. 12.)

Defendant represented that Plaintiff consented to the request, and Judge Davison granted the extension. (*Id.*) Plaintiff then filed what he titled "Plaintiff's Motion for a Judgment," which is properly construed as a Motion for Default Judgment, on April 5, 2013 based on Defendant's failure to file a response before the April 2, 2013 deadline. (Dkt. No. 13.) On April 30, 2013, Defendant requested a two-week extension to respond to Plaintiff's Complaint, to which Plaintiff did not consent. (Dkt. No. 14.) Judge Davison granted Defendant's request, but noted that no further requests for extensions would be granted absent Plaintiff's consent, and that Defendant must answer or move to dismiss no later than May 16, 2013. (*Id.*) Plaintiff filed a second Motion for Default Judgment on May 8, 2013, stating that he did not formally consent in writing to Defendant's April 1, 2013 request for an extension and that he does not consent to a further extension. (Dkt. No. 15.) Defendant filed the Motion To Dismiss or in the Alternative for Summary Judgment along with accompanying documents on the grounds of lack of subject matter jurisdiction and failure to state a claim on May 16, 2013. (*See* Dkt. Nos. 20, 24–29.)[1] On May 17, 2013, Plaintiff filed a third Motion for Default Judgment, stating again that he did not formally consent in writing to the April 1 extension request and indicating that he did not consent to any further extension requests. (Dkt. No. 31.) On May 29, 2013, Plaintiff filed an Affirmation in Opposition to Defendant's Motion To Dismiss, (Dkt. No. 32), and Defendant submitted a Reply, (Dkt. No. 33).

On August 6, 2013, Judge Davison issued an Order requiring Defendant to file a supplemental declaration within 14 days attaching documentation upon which Defendant relied. (Dkt. No. 34.) On August 20, 2013, Defendant requested a three-week extension to search for

---

[1] The Court notes that Defendant originally filed these documents on May 16, 2013. (*See* Dkt. Nos. 16–22.) Due to a docketing error, Defendant re-filed certain of the documents on May 22, 2013. (*See* Dkt. Nos. 24–29.)

the documents that were responsive to the Court's Order, to which request Plaintiff did not consent. (Dkt. No. 35.) Judge Davison granted Defendant's request. (*Id.*) Plaintiff filed a fourth Motion for Default Judgment on August 21, 2013, because the extension to respond to Judge Davison's Order was approved without Plaintiff's consent. (Dkt. No. 36.) Plaintiff filed another Motion for Default Judgment on September 9, 2013 and asked the Court to revoke the extension granted to Defendant on August 20, 2013. (Dkt. No. 39.) On September 10, 2013, Defendant submitted a Declaration from Bryant Wilder, Deputy Assistant Regional Commissioner at the Social Security Administration, who declared that despite a diligent search for the documents requested by Judge Davison, the Social Security Administration was unable to locate them. (*See* Decl. of Bryant Wilder, Deputy Assistant Regional Commissioner, Management and Operations Support, Region II, Social Security Administration ¶ 11 (Dkt. No. 37).)

Finally, on September 12, 2013, Judge Davison issued a thorough and well-reasoned Report and Recommendation ("R&R"). (*See* R&R (Dkt. No. 40).) Judge Davison recommended that the Court find that it lacks subject matter jurisdiction over Plaintiff's claims for benefits because Plaintiff did not exhaust his administrative remedies and no exceptions excuse this failure. (*Id.* at 31.) Judge Davison further concluded that Plaintiff's civil rights claims fail because "[t]here is no private right of action under the Social Security Act" and therefore "Plaintiff is barred from bringing a civil action against the [Social Security Administration] for monetary relief based on violations of the Social Security Act." (*Id.* (quoting *Katsoulakis v. Astrue*, No. 10-CV-81, 2011 WL 3877080, at *5 (E.D.N.Y. Aug. 31, 2011)).) Additionally, Judge Davison recommended that Plaintiff's constitutional claims against Defendant be denied because federal agencies like Defendant are immune from suit. (*See id.*)

3

Judge Davison further noted that, even if Plaintiff had named individual Social Security Administration employees as defendants, claims for money damages for constitutional violations based on allegedly wrongful denials of claims for benefits are not cognizable. (*See id.* at 31–32 (citing *Schweiker v. Chilicky*, 487 U.S. 412, 425 (1988)).) Moreover, insofar as Plaintiff asserts torts claims against Defendant for negligence and infliction of emotional distress, Judge Davison found that Defendant is immune from suit pursuant to the doctrine of sovereign immunity and, accordingly, Plaintiff's claims fail. (*See id.* at 32 (citing *Katsoulakis* 2011 WL 3877080, at *6 n. 1).) Finally, with respect to Plaintiff's Motions for Default Judgement, Judge Davison recommended that they be denied because he granted each of Defendant's extension requests and because Defendant filed the motion and supplemental declaration in accordance with the approved extensions. (*Id.* at 18.)

On September 17, 2013, Plaintiff sent the Court a response to Judge Davison's R&R. (*See* Letter from Charles Ojih Oji to Court (Sept. 17, 2013) (Dkt. No. 45).) In the document, which was titled "Plaintiff's Motion for a Judgment," Plaintiff offered general criticisms of Judge Davison. (*Id.* at unnumbered 1.) In particular, Plaintiff stated that Defendant's submissions "have been full of lies and discrimination," that Judge Davison "has also shown inconsistencies and a lack of sound judgment," and requested that the Court "[o]verlook what 'Paul Davison' wrote in his 'Report and Recommendation.'" (*Id.* at unnumbered 1–2.) Plaintiff also stated that the Court should disregard the R&R because of the fact that Judge Davison granted extensions without Plaintiff's consent, and the fact that Judge Davison granted Defendant an extension of time to produce documents after stating that he would not grant any further extensions without consent from Plaintiff, make Judge Davison "lack credibility." (*See id.*) Plaintiff also took issue with the "tone" in Judge Davison's Order dated August 6, 2013.

4

(*See id.* at unnumbered 2.) Plaintiff further intimated, without any factual support whatsoever, that Judge Davison may have acted improperly, stating: "Someone even said some judges are corrupt and use high-profile cases as an opportunity to take bribes." (*Id.*)

First, the Court notes that Plaintiff's personal attacks on Judge Davison are completely unfounded and, frankly, out of line. There is *nothing* in the record that remotely calls into question Judge Davison's handling of this case, and it is unfortunate that Plaintiff asserts otherwise. Setting deadlines and granting or denying extension requests is within the discretion of the judge, and both Parties need not consent for an extension to be granted. *See, e.g., Cohen v. G & M Realty L.P.*, No. 13-CV-5612, 2015 WL 1182712, at *4 (E.D.N.Y. Mar. 13, 2015) (explaining that what is required for modification of a scheduling order is a showing of good cause by the party seeking modification and consent of the *judge*); *Garcia v. Goord*, No. 01-CV-797, 2002 WL 272418, at *1 (S.D.N.Y. Feb. 26, 2002) (noting that it "is well established . . . that the court has wide discretion in granting extensions to litigants"); *see also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . .").

Second, Plaintiff's letter does not count as an objection to the R&R under Rule 72(b), which mandates that a party seeking to object to a magistrate judge's recommendation on a dispositive motion must, within 14 days, serve and file "*specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No.

06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). Accordingly, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Oyibo-Ebije v. NYC HRA*, No. 10-CV-1748, 2013 WL 415608, at *1 (S.D.N.Y. Jan. 29, 2013) (internal quotation marks omitted); *see also Rhodes v. Davis*, No. 08-CV-9681, 2015 WL 1413413, at *2 (S.D.N.Y. Mar. 23, 2015) ("When no party files objections to a [r]eport, the [c]ourt may adopt the [r]eport if there is no clear error on the face of the record" (internal quotation marks omitted)); *Eisenberg. v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (noting that a district court "may adopt those portions of [a magistrate judge's] . . . report to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." (internal quotation marks omitted)). Plaintiff's submission does not make any specific objections to findings in the R&R, and, therefore, Judge Davison's R&R will be reviewed for clear error. "A magistrate judge's decision is 'clearly erroneous' only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Mateo v. Bristow*, No. 12-CV-5052, 2015 WL 925933, at *2 (S.D.N.Y. Mar. 4, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

The Court has reviewed Judge Davidson's R&R and has found no error, clear or otherwise.[2] Accordingly, the Court adopts the R&R in its entirety. The Court grants Defendant's Motion to Dismiss and denies Plaintiff's Motions for Default Judgment. The Clerk

---

[2] To be clear, a de novo review would yield the same result.

of the Court is respectfully requested to terminate the pending Motions, (Dkt. Nos. 13, 15, 24, 31, 36, 39), and to close the case.

SO ORDERED.

Dated:  November 4, 2015
        White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE